UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER L. SCRUGGS,         )
                                )
        Plaintiff,               )
                                )
    v.                           )   Cause No. 3:17-CV-422 RLM
                                )
SGT. PENNING, *et al.*,          )
                                )
        Defendants.              )

OPINION AND ORDER

Christopher L. Scruggs, a prisoner representing himself, filed a complaint under 42 U.S.C. § 1983 against five officers at the Westville Correctional Facility (Westville). Courts must review complaints filed by prisoners and dismiss the complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Scruggs alleges that on January 24, 2017, Sgt. Penning walked into the room where he was viewing a video and pepper sprayed him for no legitimate reason. C.O. Timmins accompanied Sgt. Penning during this incident and knew that Sgt. Penning planned to pepper spray Mr. Scruggs, but did nothing to stop

1

it from happening. After Mr. Scruggs was pepper sprayed, he was taken into the hallway where an unidentified officer and Sgt. Pomeroy beat him. Sgt. Creasy saw Mr. Scruggs being beaten by these officers, but didn't intervene and allowed it to continue. Mr. Scruggs sues Sgt. Penning, Sgt. Pomeroy, Lt. Creasy, C.O. Timmins and the unidentified officer for money damages.

To start, Mr. Scruggs sues Sgt. Penning, Sgt. Pomeroy and the unidentified officer for using excessive force when they pepper sprayed and beat him on January 24, 2017. Mr. Scruggs alleges that these officers pepper sprayed him and beat him simply because they didn't like him. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

Giving Mr. Scruggs the inferences to which he is entitled at this stage, he alleges a plausible claim that these defendants used force maliciously and sadistically to cause him harm. Mr. Scruggs has alleged enough to proceed on this claim against Sgt. Penning and Sgt. Pomeroy. The unidentified officer must be dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back

2

under FED. R. CIV. P. 15, nor can it otherwise help the plaintiff." Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). If Mr. Scruggs can identify and name or identify this defendant by some other means, then he can attempt to amend his complaint at that time.

Mr. Scruggs sues Lt. Creasy and C.O. Timmins for failing to intervene in the other officers' use of excessive force. "Police officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. Miller v. Smith, 220 F.3d 491, 495 (7th Cir. 2000) (citing Yang v. Hardin, 37 F.3d 282, 285 (7th Cir.1994). This has become known as a "failure to intervene" basis for a constitutional violation under the Eighth Amendment, a principle which our court of appeals has long recognized. Fillmore v. Page, 358 F.3d 496 506 (7th Cir. 2004); Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir.1982).

Giving Mr. Scruggs the inferences to which he is entitled at this stage, he alleges a plausible claim that Lt. Creasy and C.O. Timmins knew that the other officers were engaging in excessive force, had an opportunity to prevent them from using more force than was necessary under the circumstances, and nevertheless failed to intervene. Further factual development might show that these defendants acted reasonably under the circumstances, or didn't have a realistic opportunity to intervene, but Mr. Scruggs has alleged enough to proceed on this claim.

For these reasons, the court:

(1) GRANTS Christopher L. Scruggs leave to proceed on a claim against Sgt. Penning and Sgt. Pomeroy in their individual capacities for compensatory and punitive damages for using excessive force against him on January 24, 2017, under the Eighth Amendment;

(2) GRANTS Christopher L. Scruggs leave to proceed against Lt. Creasy and C.O. Timmins in their individual capacities for monetary damages for failing to intervene in Sgt. Penning and Sgt. Pomeroy's use of excessive force on January 24, 2017;

(3) DISMISSES John Doe as a defendant;

(4) DISMISSES any and all other claims contained in the complaint;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sgt. Penning, Sgt. Pomeroy, Lt. Creasy, C.O. Timmins at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2), pursuant to 28 U.S.C. § 1915(d); and

(6) ORDERS Sgt. Penning, Sgt. Pomeroy, Lt. Creasy, C.O. Timmins to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claims for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 5, 2018.

    /s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT