UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER L. SCRUGGS,

Plaintiff,

v.

CAUSE NO.: 3:17-CV-422-RLM-MGG

SGT. POMEROY, et al.,

Defendants.

OPINION AND ORDER

Christopher L. Scruggs, a prisoner without a lawyer, proceeds on an Eighth Amendment claim against Sergeant Pomeroy in connection with a use of force incident on January 24, 2017, and on an Eighth Amendment claim against Lieutenant Creasy and Officer Reed for failing to intervene with respect to that incident. He also proceeds against Officer Timmons on an Eighth Amendment claim for failing to intervene in another sergeant's use of force earlier that day. The parties have filed cross-motions for summary judgment. The defendants argue that Officer Timmons is entitled to summary judgment because he had no reasonable opportunity to prevent the sergeant from using pepper spray on Mr. Scruggs. They also argue that Mr. Scruggs isn't entitled to summary judgment with respect to Sergeant Pomeroy, Lieutenant Creasy, and Officer Reed, because whether Sergeant Pomeroy assaulted Mr. Scruggs is a genuine dispute of material fact.[1]

---

[1] The defendants do not move for summary judgment on behalf of Sergeant Pomeroy, Lieutenant Creasy, or Officer Reed.

FACTS

According to Mr. Scruggs's exhibits and deposition testimony, he was placed in the Westville Control Unit due to his involvement in a physical altercation with another inmate. On January 24, 2017, correctional staff conducted a strip search on him in a shower on the second floor. He was asked to remove a bandage on his back, but Mr. Scruggs insisted on medical staff's presence in case the bandage needed to be replaced. Correctional staff acquiesced and took him to the medical unit, where a nurse searched under the bandage and found nothing.

He was returned to the second floor and placed in a recreational room. He later learned from other inmates who were present that while he was gone, Sergeant Penning and Officer Timmons discussed using pepper spray on him and allowed other inmates to move along the wall to avoid incidental exposure. According to affidavits from these inmates,[2] this happened:

> Out of nowhere, Sergeant Penning told the correctional officer in the recreational room with us, "We are going to have to spray this next mother fucker." The correctional officer asked who he was referencing, and Sergeant Penning replied, "Scruggs."

> Sergeant Penning and another officer stood in the recreational room with us, and Sergeant Penning says to the other officer, "Oh, this is that piece of shit Scruggs, and it looks like we are going to have to spray him."

> Sergeant Penning heard that offender Scruggs was coming, and then started making comments to another officer about spraying him with pepper spray.

---

[2] For purposes of clarity, the court has edited the quotes from the affidavits to remove grammatical and typographical errors.

Sergeant Penning, who was one of the correctional staff members watching us in the recreational room, told another officer in reference to Scruggs, "Yea, we are gonna spray this one."

After his return to the recreational room, Mr. Scruggs told Sergeant Penning that he needed a confiscation slip, and Sergeant Penning ordered him not to open his mouth again. Mr. Scruggs said, "What, I can't talk because I sued you?," and Sergeant Penning responded, "Shut the fuck up before I spray your ass." Mr. Scruggs replied, "Just make sure I get a confiscation slip," and Sergeant Penning used a one-second burst of pepper spray on Mr. Scruggs.

As Sergeant Pomeroy and Officer Reed escorted Mr. Scruggs to the shower and receiving cell, the officers stopped in an area outside of the view of surveillance cameras and asked Mr. Scruggs questions from a departmental pepper-spray questionnaire. When Mr. Scruggs responded offensively and sarcastically, Sergeant Pomeroy threw him to the floor using his full body weight and repeatedly hit Mr. Scruggs's head against the floor. Mr. Scruggs observed Lieutenant Creasy's arrival on the scene before he lost consciousness. Mr. Scruggs woke up in the receiving cell and told a nurse that he was okay.

Sergeant Penning issued Mr. Scruggs a conduct report for assault, stating that Mr. Scruggs wouldn't face forward and instead spit in Sergeant Penning's direction. According to the conduct report, Sergeant Penning ordered Mr. Scruggs to stop and sprayed him when he refused. Sergeant Penning also issued an incident report, stating that, during the escort, Mr. Scruggs refused to walk and pulled away from staff.

Sergeant Pomeroy and Officer Reed submitted affidavits attesting that Mr. Scruggs refused to walk or comply with orders during the escort, which required assistance from additional staff. They deny that Sergeant Pomeroy threw Mr. Scruggs to the floor using his full body weight or that Sergeant Pomeroy repeatedly hit Mr. Scruggs's head against the floor.

STANDARD OF REVIEW

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether summary judgment is appropriate, the deciding court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010).

DISCUSSION

Mr. Scruggs asserts Eighth Amendment claims against the defendants for two alleged use-of-force incidents. The "core requirement" for an Eighth Amendment excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009). Several

4

factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. Id. A bystander officer is liable for the excessive force of another officer if the bystander officer: "(1) had reason to know that a fellow officer was using excessive force or committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring." Lewis v. Downey, 581 F.3d 467, 472 (7th Cir. 2009). Given the need for a functional correctional facility, if an inmate refuses to obey an order, correctional staff may use chemical agents or physical force to compel compliance. Soto v. Dickey, 744 F.2d 1260, 1267 (7th Cir. 1984)

The defendants argue that Officer Timmons is entitled to summary judgment because he had no reason to know that Sergeant Penning was using excessive force on Mr. Scruggs. Mr. Scruggs contends that Sergeant Penning's comments to Officer Timmons were adequate notice of his intent to commit a constitutional violation. The comments as described by other inmates are susceptible to another interpretation: that Sergeant Penning anticipated the need for a lawful use of force against Mr. Scruggs. Mr. Scruggs's disciplinary history, his placement at the Westville Control Unit, his combative rhetoric, and his refusal to remove a bandage without medical consultation indicate that such an interpretation would be a reasonable one.

Further, no reasonable trier of fact could find on this record that this use of pepper spray constituted the use of excessive force. Even under Mr. Scruggs's version of the events, he concedes that, he refused to comply with a direct order

to stop talking immediately before he was sprayed. The use of pepper spray lasted for one second, and Mr. Scruggs doesn't allege that he was injured as a result of the pepper spray. Regardless of Sergeant Penning's motive in spraying Mr. Scruggs, no jury could find that Officer Timmons had reason to believe that the use of spray constituted a constitutional violation. With respect to the claim against Officer Timmons, the court grants summary judgment in favor of the defendants and denies summary judgment for Mr. Scruggs.

The defendants argue that Mr. Scruggs's summary judgment motion should be denied with respect to the claims against Sergeant Pomeroy, Officer Reed, and Lieutenant Creasy because there is a genuine dispute of material fact as to whether Sergeant Pomeroy assaulted Mr. Scruggs during the escort to the showers and the receiving cell. Mr. Scruggs responds that the affidavits so blatantly contradict the record that they shouldn't be considered for purposes of summary judgment. Generally, "valuations of witness credibility are inappropriate at the summary judgment stage." Springer v. Durflinger, 518 F.3d 479, 484 (7th Cir. 2008). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

A reasonable jury could believe that Sergeant Pomeroy didn't assault Mr. Scruggs. The surveillance camera didn't record the time and location where the alleged use of force took place and there is no medical documentation of any injuries. Mr. Scruggs highlights various inconsistencies in the defendants'

narrative throughout the years about whether he actively or passively resisted during the escort or whether he spit or merely tried to spit on Sergeant Penning. These inconsistencies aren't relevant to the material fact of whether Sergeant Pomeroy assaulted Mr. Scruggs or any other material fact. The inconsistencies might be relevant for purposes of determining witness credibility, but witness credibility is generally a jury matter.

Mr. Scruggs also interprets the body language of the defendants the video recording as showing their nefarious motives and further interprets the video recording as showing that he was unconscious rather than passively resisting. Review of the video recording doesn't support casting aside the defendants' affidavits for purposes of summary judgment. Because the record contains a genuine dispute of material fact with respect to whether Sergeant Pomeroy assaulted Mr. Scruggs, the motion for summary judgment is denied with respect to his claims against Sergeant Pomeroy, Officer Reed, and Lieutenant Creasy, and these claims will proceed to trial.

For these reasons, the court:

(1) GRANTS the defendants' motion for partial summary judgment (ECF 182);

(2) DISMISSES Officer Timmons; and

(3) DENIES the plaintiff's motion for summary judgment (ECF 174).

SO ORDERED on March 19, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT