UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER L. SCRUGGS,

    Plaintiff,

v.                                                                CAUSE NO.: 3:17-CV-422-RLM-MGG

SGT. POMEROY, et al.,

    Defendants.

OPINION AND ORDER

Christopher L. Scruggs, a prisoner without a lawyer, filed a motion to reconsider the order granting summary judgment on his claim against Officer Timmons. "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." Matter of Prince, 85 F.3d 314 (7th Cir. 1996); Deutsch v. Burlington N. R.R. Co., 983 F.2d 741 (7th Cir. 1993). "[A] Rule 59(e) motion is not to be used to rehash previously rejected arguments." Vesely v. Armslist LLC, 762 F.3d 661, 666 (7th Cir. 2014).

Mr. Scruggs argues that a reasonable jury could conclude that Officer Timmins was aware that Sergeant Penning intended to use excessive force against Mr. Scruggs based on Sergeant Penning's statements. Mr. Scruggs argued this point in the summary judgment briefs, and the court declines to reexamine it. Mr. Scruggs also takes issue with the court observing that the statements could be reasonably interpreted as consistent with anticipating the

need for lawful force because Officer Timmons didn't offer testimony to that effect, but the court doesn't need such testimony to assess the probative value of evidence or to conclude that an article of evidence is ambiguous. Mr. Scruggs represents that no evidence of his disciplinary history was submitted, but, at deposition, Mr. Scruggs testified that he transferred to the Westville Control Unit due to his involvement in a fight with another inmate. ECF 200-1 at 14-16.

Mr. Scruggs argues that his refusal to comply with the order didn't justify Sergeant Penning's use of force, stating, "Not every instance of inmate resistance justifies the use of force, and use of pepper spray will not be justified every time an inmate questions orders or seeks redress for an officer's actions." Treats v. Morgan, 308 F.3d 868, 872–873 (8th Cir. 2002). The order Mr. Scruggs asks the court to reconsider didn't discuss the factor of "the threat reasonably perceived by the officer" in assessing whether Sergeant Penning's use of force that was excessive. See Forrest v. Prine, 620 F.3d 739, 745 (7th Cir. 2010); Lewis v. Downey, 581 F.3d 467, 477 (7th Cir. 2009). Construing the evidence in Mr. Scruggs's favor, the use of force occurred in the context of a maximum security disciplinary unit as the officers monitored multiple inmates outside their cells during a search for contraband. The record is disputed as to whether Mr. Scruggs spit on Sergeant Penning and so posed a specific threat of bodily harm to the officers, but Mr. Scruggs used antagonistic rhetoric to intentionally defy a routine, twice-given order after a clear warning that he would be pepper sprayed if he did so. Given the limited scope of the use of force that followed, the court

2

reaffirms its conclusion that Sergeant Penning didn't subject Mr. Scruggs to excessive force.

The record reflects Officer Timmons didn't have a reasonable opportunity to intervene with the use of force. Many of the relevant circumstances surrounding the use of force didn't develop until seconds before the event occurred. Mr. Scruggs relies on Sergeant Penning's ambiguous statements during his absence, but, at that moment, Mr. Scruggs clearly posed no threat to Sergeant Penning and hadn't yet refused to comply with a direct order. Mr. Scruggs testified that only three seconds elapsed between the time Sergeant Penning began reaching for his can of pepper spray and the time he used it. ECF 200-1 at 46-48. In so narrow a timeframe, Officer Timmons didn't have a reasonable opportunity to assess the situation and to move to intervene even if the circumstances warranted it.

For these reasons, the court DENIES the motion to reconsider (ECF 205).

SO ORDERED on June 4, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT